UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                           :

L.S.M.,
                                           :

                            Petitioner,       :       26-CV-00942 (JAV)
                                           :

          -v-                              :       <u>MEMORANDUM</u>
LADEON FRANCIS, et al.,             :       <u>OPINION AND ORDER</u>
                                           :

                            Respondents.     :
                                           :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

        Petitioner filed a Petition for the writ of habeas corpus under 28 U.S.C. §

2241. ECF No. 1 ("Petition" or "Pet.").  The Court ordered that Petitioner not be

removed from the country nor transferred beyond a facility in this District, the

Eastern District of New York, or the District of New Jersey.  ECF No. 4 ("Order").

The Court also directed Respondents to file a letter setting forth, in relevant part,

whether Petitioner was, as alleged, detained in this District at the time the Petition

was filed; if the government's asserted basis for Petitioner's detention is 8 U.S.C. §

1225(b)(2)(A), whether there is any basis to distinguish this case from *Mcdonald v.*

*Francis et al.*, No. 25-CV-09355 (JAV), 2025 WL 3295906 (S.D.N.Y. Nov. 26, 2025);

and if this case is materially indistinguishable from *Mcdonald*, whether

Respondents would consent to issuance of the writ, subject to preservation of

Respondents' arguments for appeal.  Order at 2.

        Respondents filed the requested letter today, confirming Petitioner was

detained in this District at the time of filing and that the instant case is not

materially distinguishable from *Mcdonald*.  ECF No. 9 ("Ltr."), at 1.  Specifically, Respondents report that Petitioner, a citizen of Guatemala, unlawfully entered the United States at an unknown time and was encountered by immigration authorities in New York for the first time when ICE arrested him on November 10, 2025.  Ltr. at 2.  Following his arrest, ICE served Petitioner with a Notice to Appear, charged him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and placed him into removal proceedings.  *Id.*  Pending completion of those proceedings, ICE is detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).  *Id.*  He has an individual merits hearing scheduled for February 10, 2026, and no final order of removal.  *Id.* at 2-3.

The primary legal issue presented here concerns the statutory authority for the petitioner's detention, whether it is 8 U.S.C. § 1226(a), as petitioner argues, or 8 U.S.C. § 1225(b)(2)(A), as ICE argues.  *Id.* at 2.  For the reasons previously set forth in *Mcdonald*, the Court holds that Section 1225(b)(2)(A) does not govern, and that Respondents violated Petitioner's due process rights in exercising its discretionary authority to detain Petitioner under Section 1226(a). Accordingly, the Petition is GRANTED.

The Court ORDERS Respondents to immediately release Petitioner from custody and to certify compliance with this order by 5:00 p.m. on February 7, 2026. Petitioner seeks an award of attorney's fees and costs pursuant to the Equal Access to Justice Act.  The parties shall meet and confer with respect to this request.  If the parties are unable to reach a resolution, Petitioner shall file a motion in support of

2

its application by March 9, 2026, Respondent shall file its opposition papers by

March 30, 2026, and Petitioner shall file its reply brief by April 6, 2026.

SO ORDERED.

Dated:  February 6, 2026
        New York, New York

                                        _____
                                        JEANNETTE A. VARGAS
                                        United States District Judge