**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 7, 2026

**BY ECF**
Hon. Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

**Re: *L.S.M. v. Genalo, et al.* No. 26 Civ. 942 (JAV)**

Dear Judge Vargas:

This Office represents the government in the above-referenced habeas corpus action. On February 6, 2026, the Court granted the petition. ECF No. 10. The Court's order directed the parties to meet and confer with respect Petitioner's request for attorney's fees under the Equal Access to Justice Act ("EAJA"), and set a schedule on that motion if the parties could not reach agreement, directing Petitioner to file the fee motion by March 9, 2026. *Id.* On March 6, 2026, after the parties had conferred, Petitioner filed a letter with the Court requesting, on behalf of the parties, that the Court enter judgment and also grant an extension of time of the deadline for submission and response to the fee application.[1] ECF No. 15. On March 9, 2026, Petitioner filed the fee motion. ECF Nos. 16-20. On March 17, 2026, the Court issued an order directing the entry of judgment and to close the case. ECF No. 21. On March 18, 2026, judgment was entered. ECF No. 22. That judgment will become final on May 18, 2026, if no appeal is filed.

I write respectfully on behalf of the parties to request that the Court approve a jointly proposed a briefing schedule for briefing on Petitioner's EAJA fee motion, under which the government's response to Petitioner's fee motion would be due by May 29, 2026, and Petitioner's reply would be due by June 9, 2026, and to request a nunc pro tunc extension of those deadlines if necessary.

---

[1] Under EAJA, fee applications are premature until there is a final judgment. Under EAJA, a party seeking a fee award must submit its application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Supreme Court interpreted this provision to mean that the "EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). As a result, an EAJA application is premature where it is filed prior to entry of a "final judgment" for EAJA purposes. *See, e.g.*, *United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir. 1993) ("The record on this appeal reflects neither entry of a final judgment, nor the docketing of a settlement order or any order terminating this action. . . . Thus, it appears that no 'final judgment' for EAJA purposes was ever entered in this action. The . . . EAJA application was therefore premature and the district court lacked jurisdiction to decide it.").

We thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: */s/ Brandon M. Waterman*__________
BRANDON M. WATERMAN
Assistant United States Attorney
Telephone: (212) 637-2743
Email: brandon.wateman@usdoj.gov

cc: Counsel of Record (by ECF)

**SO ORDERED:**

Jeannette Vargas
_______________________________
The Honorable Jeannette A. Vargas
United States District Judge
Dated: April 8, 2026