UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
L.S.M.,                                                           :
                                                                  :
                              Petitioner,                         :
                                                                  :              26-CV-00942 (JAV)
             -v-                                                  :
                                                                  :              OPINION AND ORDER
KENNETH GENALO, et al.,                                           :
                                                                  :
                              Respondents.                        :
                                                                  :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On February 3, 2026, Petitioner L.S.M. ("Petitioner" or "L.S.M.") filed a

petition for writ of habeas corpus, contesting his detention by multiple parties in

their official capacities (collectively, the "Government") and seeking release.  ECF

No. 1 ("Pet.").  On February 6, 2026, the Court granted L.S.M.'s petition and

ordered his immediate release.  ECF No. 10 at 2.  L.S.M. now moves for costs and

fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  ECF No.

16 ("Motion for Attorneys' Fees" or "Mot.").  For the following reasons, the Motion is

**GRANTED**.

## BACKGROUND

L.S.M. is a citizen of Guatemala who, prior to his arrest and detention,

resided in Manhattan, New York.  ECF No. 1-1 at 1; ECF No. 1-3, ¶ 1.  On

November 10, 2025, United States Immigration and Customs Enforcement ("ICE")

arrested L.S.M. in Corona, Queens.  ECF No. 1-3, ¶¶ 1-2.  ICE then placed L.S.M.

into removal proceedings and, pending completion of those proceedings, detained

him pursuant to 8 U.S.C. § 1225(b)(2)(A).  ECF No. 9 at 2.  On February 3, 2026, while detained, L.S.M. filed a petition for writ of habeas corpus, asserting, *inter alia*, that his detention was unlawful and violative of his Due Process rights.  Pet., ¶ 3.

On February 4, 2026, the Court directed the Government to file a letter clarifying whether this case was materially distinguishable from *Mcdonald v. Francis*, No. 25-CV-09355 (JAV), 2025 WL 3295906 (S.D.N.Y. Nov. 26, 2025), and if not, whether the Government would consent to the issuance of writ subject to preservation of their arguments for appeal.  ECF No. 4 at 2.  On February 6, 2026, the Government filed a letter conceding that the instant case was not materially distinguishable from *Mcdonald*.  ECF No. 9 at 2.  The Government, however, did not consent to issuance of the writ.  *Id.*  Instead, the Government abstained from further briefing and relied on, and incorporated by reference, the legal arguments the Government had presented in *Mcdonald*.  *Id.*  That same day, the Court granted L.S.M.'s petition, ordered his prompt release, directed the parties to confer regarding L.S.M.'s request for attorneys' fees, and set a briefing schedule in the event the parties could not reach agreement.  ECF No. 10 at 2-3.

L.S.M. now moves the Court to award attorneys' fees and costs under the EAJA.  L.S.M. argues that reasonable attorneys' fees and costs are warranted because he is a prevailing party, the Government's position was not substantially justified, and there are no special circumstances making an award unjust.  ECF No.

17 ("Mem.") at 3.  The Government opposes the Motion for Attorneys' Fees.  ECF No. 25 ("Opp'n").

## DISCUSSION

### A.    Fees and Costs Award Under the Equal Access to Justice Act Is Merited

Under Section 2412, "a court shall award to a prevailing party . . . fees and other expenses" incurred in a "civil action" brought against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *see also Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011) ("[U]under the EAJA, eligibility for a fee award in any civil action requires:  (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; and (3) that no 'special circumstances make an award unjust.'" (cleaned up)).  As relevant here, "[c]ivil actions include habeas petitions 'challenging immigration detentions.'"  *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 506 (S.D.N.Y. 2025) (quoting *Vacchio v. Ashcroft*, 404 F.3d 663, 672 (2d Cir. 2005)).  "A party prevails if the court grants relief to the party based on an assessment of the merits and thus unquestionably and materially alters the existing legal relationship between the parties."  *Yao v. Almodovar*, 813 F. Supp. 3d 461, 478 (S.D.N.Y. 2025) (citation omitted).

"Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified.'"  *Williams v. Kijakazi*, 797 F. Supp. 3d 164, 171 (E.D.N.Y.

2025) (quoting *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999)).  This requires a showing that its litigating position and the underlying agency action giving rise to that position "had a reasonable basis in both law and fact."  *See Vacchio*, 404 F.3d at 674 (citation omitted); *see also Gomez-Beleno*, 644 F.3d at 145 ("The 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." (cleaned up)).  "[A] string of losses can be indicative" of the Government's litigation position lacking substantial justification.  *Pierce v. Underwood*, 487 U.S. 552, 569 (1988).  Applying this standard, the Court holds that L.S.M. is entitled to reasonable fees and costs.

Petitioner is a "prevailing party" under the EAJA.  The Government "violated Petitioner's due process rights in exercising its discretionary authority to detain Petitioner under Section 1226(a)" and was ordered to release him from detention. ECF No. 10 at 2.  That decision "unquestionably materially altered the existing legal relationship between the parties, and thus sufficed to confer prevailing party status."  *Vacchio*, 404 F.3d at 674; *accord Yao*, 813 F. Supp. 3d at 478; *Barco Mercado*, 811 F. Supp. 3d at 505-06.  The burden thus shifts to the Government.

The Government, however, has failed to "demonstrate that its litigation position was substantially justified."  *Williams*, 797 F. Supp. 3d at 171 (cleaned up). Courts across the country have recently found, either expressly or implicitly, that the Government's litigation position lacks substantial justification under the EAJA in similar circumstances.  *See, e.g.*, *Cong v. Noem*, No. 25-CV-03730 (GPC) (DEB),

4

2026 WL 1075236, at *1 (S.D. Cal. Apr. 20, 2026); *Zavorin v. Wamsley*, No. 26-CV-00173 (DGE), 2026 WL 879246, at *1 (W.D. Wash. Mar. 31, 2026); *Perez v. Bondi*, No. 26-CV-205 (ECC), 2026 WL 936166, at *4 (N.D.N.Y. Apr. 7, 2026).  Additionally, "the overwhelming majority of federal judges across the Nation [who] consider[ed] [the Government's position have] conclude[d] that the [G]overnment's novel interpretation of the immigration statutes defies their plain text." *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).  "Indeed, in this Circuit, as of mid-February 2026, the [G]overnment ha[d] prevailed in only approximately fifteen cases, while losing in approximately 145 cases." *Id.* at 72.  Despite the recent circuit split, *compare id.*, *and Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026), *with Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026), *and Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026), this lopsided record indicates that the Government's litigation position lacks substantial justification, *see Pierce*, 487 U.S. at 569.  That conclusion is confirmed considering that the Government's position runs contrary to "the plain text of [the relevant] provisions[;] . . . the statute's context, structure, history, and purpose[;] . . . the Supreme Court's established understanding of Sections 1225 and 1226[;] . . . [and] Executive Branch practice over thirty years and across five Presidential administrations." *Barbosa da Cunha*, 175 F.4th at 69.

The Court further finds that there are no special circumstances making an award unjust.  L.S.M. is thus entitled to reasonable attorneys' fees and costs in accordance with the following calculations.

**B.     Calculation of Fees and Costs Award Under the Equal Access to Justice Act**

Under the EAJA, attorneys' fees are capped at "$125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Courts in this district adjust the hourly cap of $125.00, imposed in March 1996, to its dollar equivalent at the time of the award." *Linda R. ex rel. D.J.R. v. Dudek*, No. 24-CV-06514 (SLC), 2025 WL 1135655, at *3 (S.D.N.Y. Apr. 17, 2025) (collecting cases). "District courts determine the cost-of-living adjustment by multiplying the basis EAJA rate by the current consumer price index ('CPI') for urban consumers, and then dividing the product by the CPI for urban consumers in the month that the cap was imposed." *Id.* (cleaned up).

L.S.M. seeks attorneys' fees at an hourly rate of $281.75, Mem. at 8, but the correct hourly rate is $265.29 here. L.S.M.'s attorneys reached the $281.75 hourly rate by first dividing the CPI for urban consumers in the NY-NJ-PA region in January 2026 by the CPI for all urban consumers in March 1996 to determine the "cost-of-living adjustment" ("COLA") and then multiplying the COLA by the basis EAJA rate. ECF No. 18 ("Gonzalez Decl."), ¶¶ 12-15. The COLA, however, was incorrectly calculated because it relied upon inflation data from two different populations. Instead, L.S.M.'s attorneys should have calculated the COLA by dividing the CPI for urban consumers in the NY-NJ-PA region in February 2026 by

the CPI for urban consumers in the NY-NJ-PA region in March 1996.  Applying the formula correctly here,[1] the reasonable hourly rate for attorneys' fees is $265.29.

L.S.M. also seeks attorneys' fees for work performed by three law clerks at the same rate.  Courts have "considerable discretion" in setting a reasonable hourly rate.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2007).  Here, the law clerks "worked on the Petition" and "drafted portions of the habeas petition and supporting papers" when they "ha[d already] passed the New York Bar Exam and were awaiting admission to the Bar." Gonzalez Decl., ¶ 10.  Similarly, in *Myree v. Local 41, Int'l Bhd. of Elec. Workers*, a law school graduate "devoted considerable time to [the] matter" when she was waiting to be "admitted to the bar."  847 F. Supp. 1059, 1065 n.6 (W.D.N.Y. 1994). Just as the district court in *Myree* concluded that the billing rate "for associate time" was a "reasonable billing rate for both pre and post bar admitted law school graduates," *id.*, so too does the Court conclude that $265.29 is a reasonably hourly rate to compensate the work of the three law clerks here.

---

[1] The basis EAJA rate is $125.  28 U.S.C. § 2412(d)(2)(A).  The CPI for urban consumers in the NY-NJ-PA region (where the relevant events occurred, *see* Gonzalez Decl., ¶ 10) in February 2026 (the month in which L.S.M.'s attorneys primarily litigated this case, *see* Gonzalez Decl., ¶ 10) was 353.366.  U.S. Bureau of Lab. Stat., *Consumer Price Index—February 2026* (Mar. 11, 2026), https://perma.cc/XCM3-M9ZP.  The CPI for urban consumers in the NY-NJ-PA region in March 1996, the month in which the EAJA cap was imposed, was 166.5.  U.S. Bureau of Lab. Stat., *Consumer Price Index: March 1996* (last visited Jun. 22, 2026), https://perma.cc/8BV5-LWP8.  Accordingly, multiplying 125 by 353.366 and then dividing the result by 166.5 yields the reasonable hourly rate of $265.29.

The Government relies on *Burkett v. Houslanger & Assocs., PLLC*, to argue that attorney rates are inapplicable to law clerks. The facts in the instant case are distinguishable. In *Burkett*, the law clerk was a student who had not graduated law school. No. 19-CV-2285 (EK) (JO), 2020 WL 7000188, at *2 (E.D.N.Y. July 23, 2020), *report and recommendation adopted as modified*, No. 19-CV-2285 (EK) (JO), 2020 WL 5834429 (E.D.N.Y. Sept. 30, 2020). Here, in contrast, all three law clerks had passed the New York State Bar Exam and were awaiting admission to the New York Bar at the time they worked on the petition. Gonzalez Decl., ¶ 10. The law clerks who drafted L.S.M.'s petition thus more closely resemble practicing attorneys than the law clerk in *Burkett* and their work should be reimbursed accordingly.

In total, L.S.M. seeks attorneys' fees for 49.5 hours of legal work, split between 45.1 hours of work performed by two attorneys and three law clerks with O'Melveny & Myers LLP ("O'Melveny") and 4.4 hours of work performed by one attorney with the Brooklyn Defender Services ("BDS"). Gonzalez Decl., ¶¶ 10-11, 16. The hours that O'Melveny and BDS billed are generally reasonable, except for those tasks that are purely clerical. "[I]t is well-settled that purely clerical tasks are not billable under a fee-shifting statute." *L.R.C. v. Maldonado*, No. 25-CV-6825 (AMD), 2026 WL 946787, at *4 (E.D.N.Y. Apr. 7, 2026) (citation omitted). O'Melveny billed sixty-six minutes for purely clerical tasks. ECF No. 18-1 at 3 (billing sixty-six minutes for "assist[ing] in filing draft letter to court requesting clarification of order"). BDS also billed twelve minutes for purely clerical tasks. ECF No. 18-4 at 2 (billing twelve minutes for "fil[ing] petition with exhibits, civil

8

cover sheet, and pseudonym motion"). Consequently, the Court reduces the total time billed by O'Melveny and BDS by seventy-eight minutes.

The remaining hours billed by O'Melveny and BDS are reasonable. "Counsel seeking fees under the EAJA 'should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *L.R.C.*, 2026 WL 946787, at *3 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). O'Melveny and BDS spent a total of 34.1 hours drafting, reviewing, and revising the petition on February 3, 2026, with two O'Melveny law clerks drafting the petition, one O'Melveny law clerk and BDS counsel preparing exhibits and papers, and the two O'Melveny attorneys reviewing the petition. *See* ECF Nos. 18-1, 18-4. The remaining 14.1 hours pertained to L.S.M.'s release and subsequent legal proceedings. *See* ECF Nos. 18-1, 18-4. Altogether, the Court finds these hours reasonable, and not "excessive, redundant, or otherwise unnecessary" given the time-sensitive nature of L.S.M.'s petition and considering similar cases in this Court. *See K.B. v. Arteta*, No. 26-CV-01428 (JAV), 2026 WL 512545 (S.D.N.Y. Feb. 24, 2026).

The Court therefore finds the following hours of legal work reasonable: 44.0 hours of legal work performed by the legal team at O'Melveny and 4.2 hours of legal work performed by BDS's attorney. Accordingly, the Court awards $12,786.98 in fees and costs to L.S.M., assigning $11,672.76 to O'Melveny and $1,114.22 to BDS.

## CONCLUSION

Accordingly, the Motion for Attorneys' Fees is **GRANTED**.  The Clerk of

Court is directed to terminate ECF No. 16.

SO ORDERED.

Dated:  July 1, 2026
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

10